UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| RALPH STEVENS BAZE, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 01-31-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| PHILIP PARKER, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The petitioner, Ralph S. Baze, Jr. ("Baze"), filed a motion requesting a court order granting his counsel access to interview Kentucky Department of Corrections Officers to obtain information that may be used in a subsequent application for clemency to the Governor of Kentucky. R. 65. Because the Court lacks jurisdiction to grant Baze's requested relief, the motion must be denied.

## BACKGROUND AND PROCEDURAL HISTORY

A Kentucky jury convicted Baze of the 1992 murders of Sheriff Stephen Bennett ("Bennett") and Deputy Sheriff Arthur Briscoe ("Briscoe"). *See Baze v. Parker*, 371 F.3d 310, 315 (6th Cir. 2004). Bennett and Briscoe were attempting to arrest Baze at the time. Baze, a twice-convicted felon, was wanted in Ohio for: assaulting a police officer, jumping bail, receiving stolen property, and flagrant non-support. *Id*. Bennett and Briscoe learned that Baze was at his home in Powell County, Kentucky, and they went to his property to arrest him on an outstanding Ohio warrant. *Id*. at 316. When the officers reached his home, Baze fled to the

woods surrounding his home and a gun fight ensued. *Id*. Baze shot Bennett three times in the back with an assault rifle. *Id*. Briscoe ran out of ammunition, and Baze shot Briscoe twice in the back as he tried to escape. *Id.* at 316-17. Both Bennett and Briscoe passed away.

The Kentucky Supreme Court upheld Baze's murder conviction and sentence on direct appeal, *Baze v. Commonwealth*, 965 S.W.2d 817 (Ky. 1997), and on his motion to vacate, *Baze v. Commonwealth*, 23 S.W.3d 619 (Ky. 2000). The United States Supreme Court denied writs of certiorari to both Kentucky Supreme Court decisions. *Baze,* 371 F.3d at 317. Baze then filed a petition for habeas relief pursuant to 28 U.S.C. § 2254, which the Court denied on September 27, 2002. R. 36. The Sixth Circuit affirmed the Court's decision on June 9, 2004. *Baze,* 371 F.3d at 317. Baze acknowledges that he has now exhausted his federal habeas review and expects the Governor to schedule his execution date "soon." R. 65 at 1.

Baze sought the same relief recently in Kentucky courts that he seeks here—access to Kentucky Department of Corrections ("KDOC") Officers for the purposes of a forthcoming clemency petition. Baze brought a declaratory judgment action in Franklin Circuit Court alleging that KDOC denied his right to due process when it denied his request to interview the corrections officers. The Franklin Circuit Court denied his request for relief, and the Kentucky Supreme Court affirmed that decision on January 21, 2010. *Baze v. Thompson*, 302 S.W.3d 57 (Ky. 2010).

Baze then filed the pending motion on February 24, 2010. R. 65. The Warden of the Kentucky State Penitentiary, Phillip W. Parker ("the Warden"), filed his response in opposition. R. 71. Baze replied. R. 73. During a telephonic conference with the parties on March 12, 2010, the Court ordered further briefing on whether it has jurisdiction to grant Baze's requested relief.

2

R. 72. Specifically, the parties were to brief whether 18 U.S.C. §§ 3599(e) or (f) confers jurisdiction. Baze and the Warden filed briefs in response to the Court order. *See* R. 74, R. 77, R. 86 (Baze's briefs); *see also* R. 75, R. 82 (the Warden's briefs).

## ANALYSIS

Baze asks the Court to order KDOC to permit his counsel to interview any personnel at the prison who are willing to speak to them about Baze; LaDonna H. Thompson, the Commissioner of KDOC, declined this request by letter on January 22, 2009. R. 65, Ex. 1. Baze's counsel hope to use information from these interviews to support a clemency application they intend to file with the Governor of Kentucky.

### I. Res Judicata and *Rooker-Feldman*

The Warden argues that principles of res judicata (claim and issue preclusion) and the *Rooker-Feldman* doctrine prevent Baze from seeking the same relief in his pending motion that the Kentucky courts previously considered and rejected. R. 71 at 2-4. Because the Court denies Baze's motion based on jurisdictional grounds, it need not reach the Warden's arguments here.

### II. Baze's Claims of Jurisdiction

Baze alleges that the Court has jurisdiction to grant the relief he seeks pursuant to: (1) 18 U.S.C. § 3599 and *Harbison v. Bell*, 129 S. Ct 1481 (2009), (2) the All-Writs Act, 28 U.S.C. § 1651, and (3) *Nields v. Bradshaw*, No. 1-03-CV-019, 2010 WL 148076 (S.D. Ohio Jan. 11, 2010). R. 65 at 1-3. Baze's claims of jurisdiction fail for the reasons below.

Section 3599(e) gives Baze the right to federally-funded counsel in state clemency proceedings. Section 3599(f) authorizes the Court to grant Baze funds for investigative and

expert services supporting an application for clemency. Baze argues that these provisions, in conjunction with 28 U.S.C. § 1651 (the "All-Writs Act"), give the Court the power to issue Baze's requested order. Baze concludes that if the Court does not have the ability to issue such an order, 18 U.S.C. §§ 3599(e) and (f) "would be rendered meaningless." R. 74 at 1. Baze is incorrect.

### 1. 18 U.S.C. § 3599 and *Harbison v. Bell*

### Appointment of Counsel

18 U.S.C. § 3599(a)(2) entitles a financially-eligible, death-sentenced habeas petitioner pursuing post-conviction relief under 28 U.S.C. § 2254 to the appointment of counsel at the expense of the federal government. Section 3599(e) makes clear that such representation shall extend through all aspects of the post-conviction relief process, including applications for clemency. In *Harbison v. Bell*, the Supreme Court recently clarified that such representation includes state clemency proceedings. 129 S. Ct. at 1491 ("We further hold that § 3599 authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation."); *see also Fautenberry v. Mitchell*, 572 F.3d 267, 272 (6th Cir. 2009) (Moore, J. concurring).

As an initial matter, it is far from clear that Baze's counsel represent Baze in his state clemency proceedings pursuant to this Court's March 7, 2001, order appointing counsel in this case under 21 U.S.C. § 848, the predecessor to 18 U.S.C. § 3599(a).[1] R. 4. Attorneys Timothy

---

[1] 21 U.S.C. § 848 was amended in 2006 and replaced with 18 U.S.C. § 3599. *See Woodward v. Epps*, 580 F.3d 318, 333 n.7 (5th Cir. 2009).

Riddell and Milton Toby (both private attorneys with the same law firm) represented Baze from the beginning of the habeas proceedings until April of 2005. R. 57. One of Baze's current counsel, David Barron, first appeared on Baze's behalf on April 11, 2005. R. 58. Mr. Barron's appearance occurred after the United States Supreme Court denied Baze's petition for a writ of certiorari on March 24, 2005. R. 55. Baze's other current counsel of record, Dennis Burke, did not appear on his behalf until February 24, 2010. R. 64. Both Mr. Barron and Mr. Burke are attorneys with the Kentucky Department of Public Advocacy ("KDPA").

Baze's counsel have not sought reimbursement from this Court for their representation of Baze since March 20, 2002. R. 33; R. 34. Indeed, no attorney with the KDPA, including Mr. Barron and Mr. Burke, has ever requested reimbursement from the federal government for their efforts pursuing clemency for Baze.[2] Further, the Warden notes that Baze has previously filed two clemency applications and that KDPA counsel represented him in the recent proceedings before the Franklin Circuit Court and Kentucky Supreme Court.[3] R. 75 at 6-7. The citizens of Kentucky presumably paid for Baze's representation by the KDPA in those matters. Because Baze has Kentucky-paid counsel, the Warden argues that "there is no good reason for the Court to expand the authorized scope of Mr. Baze's attorneys appointed under 18 U.S.C. § 3599 to

---

[2]KDPA attorney Susan Jackson Balliet also represented Baze until she withdrew on March 8, 2010. R. 70.

[3]In *Harbison*, the Supreme Court noted that Tennessee law did not authorize the appointment of state public defenders to serve as clemency counsel. 129 S. Ct at 1484. Harbison's federal habeas counsel moved to represent his client in the state clemency proceedings only after the Tennessee Supreme Court denied Harbison's request for a state public defender to serve as his counsel in the clemency process. *Id*.

include preparation of a clemency application to the Governor." *Id.* at 7. Indeed, the statute only allows defendants that are "financially unable to obtain adequate representation" to receive federally-funded counsel. 18 U.S.C. § 3599(a)(1). It appears that Baze has received adequate representation without the aid of federal taxpayers. For these reasons, it is difficult to conclude that counsel's subsequent efforts to pursue clemency for Baze are related to, let alone pursuant to, this Court's order over nine years ago appointing counsel for the habeas proceeding.

Whether or not Baze has federally-funded counsel, however, is of little moment since the Court still does not have the authority to manage the state clemency proceedings. The plain language of Sections 3599(a) and (e) do not give the Court the authority to issue the order that Baze seeks; these provisions merely allow the Court to grant Baze federally-funded counsel at this stage. Moreover, the holding in *Harbison v. Bell* only clarifies that the Court has the authority to appoint counsel in state clemency proceedings pursuant to Section 3599(e). *Harbison v. Bell* does not hold or acknowledge that the Court has any other authority over state clemency proceedings.

**Investigative Services**

Section 3599(f) gives a defendant the right to funds for "investigative, expert, or other services" upon a showing they are "reasonably necessary for the representation of the defendant." 18 U.S.C. § 3599(f). Courts have interpreted this provision to apply in clemency proceedings. *Fautenberry*, 572 F.3d at 267-68 (affirming the district court's denial of defendant's motion under 18 U.S.C. § 3599(f) for funds to hire a neuropsychologist to assist in the preparation of his state clemency petition); R. 74, Attach. 1, *Johnson v. Thaler*, No. 07-70043 (5th Cir. Nov. 20,

2009) (order granting defendant's request for funds for medical expert to assist in preparation of state clemency application); *Gary v. Schofield*, No. 4:97-CV-181, 2009 WL 5031355 (M.D. Ga. Dec. 11, 2009) (denying defendant's requests for funds for experts for clemency purposes as not being "reasonably necessary" under 18 U.S.C. § 3599(f)).

Baze acknowledges that he has not requested funds for an investigator under Section 3599(f). *See* R. 74 at 6-7 ("Baze has not requested funds because his attorneys have an investigator on staff and thus do not need funds for an investigator to conduct investigation [sic] for clemency purposes."). Nevertheless, Baze claims that Section 3599(f) gives the Court jurisdiction because "Baze should not be punished because he actually does not need money for an investigator at this point." *Id*. at 7. Baze is wrong. Section 3599(f) does not apply in this case because Baze has made no request for investigative funds. The Court cannot base its jurisdiction on a provision of a statute that Baze admits he has not even attempted to trigger.

However, even if Baze were to file a motion pursuant to Section 3599(f) showing that an investigator was "reasonably necessary" to his application for clemency, the fact remains that no language in the statute authorizes the relief that Baze seeks. The Court has limited jurisdiction and may only grant relief pursuant to an Act of Congress or the Constitution. Section 3599(f) merely allows the Court to authorize the expenditure of funds. It does not give the Court the authority to issue an order granting a defendant access to certain state officials or others in the hopes that they will provide information relevant to the clemency process. A federal law that merely authorizes the expenditure of federal funds does not provide the Court power to oversee or takeover the clemency process——inherently a state process. Section 3599(f) does not give

7

courts such broad and unbridled authority. Accordingly, Baze's reliance on Section 3599(f) is misplaced.

**2. All-Writs Act**

The All-Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (emphasis added). The Act does not itself create or confer jurisdiction. Further, the Act may be invoked "'sparingly and only in the most critical and exigent circumstances.'" *In re Life Invs. Ins. Co. of Am.*, 589 F.3d 319, 330 (6th Cir. 2009) (quoting *Wisc. Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1306 (2004) (Rehnquist, C.J.)).

The habeas proceedings before the Court concluded years ago and, thus, there is simply no basis to conclude that the Court continues to possess jurisdiction to grant habeas relief. Without the underlying habeas jurisdiction under 28 U.S.C. § 2254, the Court lacks any independent jurisdiction over this litigation, and thus cannot invoke the All Writs Act to grant relief "in aid of [its] respective jurisdiction . . . ."

In a habeas proceeding under Section 2254, the sole jurisdictional basis for the court to act is contained in Section 2254 itself. In contrast, Section 3599 merely acts to further explain the circumstances under which the court may appoint counsel to represent the petitioner and the scope of that representation. Indeed, the Court's authority to appoint counsel is, by the statute's express terms, limited to the situations described in subsection (a)(2), including "any post conviction proceeding under section 2254 or 2255 of title 28, United States Code." 18 U.S.C.

§ 3599(a)(2). Section 3599's explicit reference to these statutory sections, which identify the types of proceedings to which it applies, logically prevents any conclusion that Section 3599 itself creates independent jurisdiction for the Court. Thus, once the habeas proceeding under Section 2254 concluded, the Court's jurisdiction to grant ancillary relief under the All-Writs Act concluded as well.

Sections 3599(a) and (e) provide for the appointment and compensation of counsel for the indigent habeas petitioner and define the extent of that representation through various proceedings. These sections provide procedural protection, ensuring that competent counsel represent the habeas petitioner, who is untrained in the law. Nothing in these sections provides the petitioner with additional substantive rights. Moreover, the All-Writs Act "does not authorize courts 'to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.'" *United States v. Perry*, 360 F.3d 519, 533 (6th Cir. 2004) (quoting *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985)).

Because the goal of Sections 3599(a) and (e) is competent representation for indigent death-sentenced petitioners, that goal is served once counsel is appointed. The order granting appointment is therefore not rendered "meaningless" simply because habeas counsel receives less than the entirety of all of the information he or she desires. *See Hodges v. Bell*, 170 F. App'x 389, 393-95 (6th Cir. 2006) (All-Writs Act does not provide authority to require prison officials to monitor prisoner's living conditions even where relevant to claim presented to court); *Moore v. Rees*, No. 06-CV-22, 2007 WL 1035013, at *11-12 (E.D. Ky. Mar. 30, 2007) (denying motion under All-Writs Act to require KDOC to document attempts to draw blood from death sentenced

9

inmate with compromised veins); *see also Plum Creek Lumber Co. v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979) (All-Writs Act is not a grant of plenary power to the federal courts and does not authorize a court to order one party to aid another party in conducting a more effective investigation when other bases for relief are available).

Baze argues that the Court "must have the ability to enforce its orders" or the executive branch could override the legislative branch and the judicial branch. R. 74 at 2. Baze is incorrect and the example he cites is inapposite. *See id.* Baze presents the following example: "during habeas proceedings, a federal habeas judge grants funds for a neuropsychological evaluation of a death-row inmate. The prison, however, decides that it will not allow the neuropsychologist into the prison." *Id*. Baze claims that Court has the ability in such a situation to issue an order compelling the prison to allow the evaluation. *Id*. at 3. Baze states that it "should be no different in the context of clemency." *Id*. He is wrong; in his example, the Court may have habeas jurisdiction to issue the order to compel the state officials to act because the habeas proceeding is ongoing. But here, the habeas process has come to an end and the Court has no independent jurisdiction over the state clemency process beyond the appointment of counsel under Section 3599(e). Accordingly, because Section 3599 is not an independent source of jurisdiction, Baze's requested relief is not available under the All-Writs Act.

### 3. *Nields v. Bradshaw*

*Nields* is the only case Baze cites where a Court issued an order similar to the one he seeks here. *See Nields*, 2010 WL 148076. Indeed, the Court is aware of no other cases similar to *Nields*. All the cases cited by the parties concern Court orders appointing counsel pursuant to 18

U.S.C. § 3599(e) or granting funds for an investigator or an expert under 18 U.S.C. § 3599(f).

In *Nields*, a Magistrate Judge in the Southern District of Ohio invoked Section 3599(e) and the All-Writs Act as authority to order the transfer of a prisoner to a hospital for neurological testing to be used in furtherance of a clemency petition. 2010 WL 148076, at *1-2. The court stated that it had jurisdiction "given by Congress under 18 U.S.C. § 3599, to issue the requested order and power to do so under the All Writs Act, 28 U.S.C. § 1651." *Id.* at *1. However, just four days after it issued the order, the *Nields* court stayed its order and admitted that its jurisdictional was questionable. *Nields v. Bradshaw*, No. 1-03-CV-019, 2010 WL 290963, at *2 (S.D. Ohio Jan. 15, 2010) (the "question of whether this Court has jurisdiction to enter the Order to Convey is a close question of first impression. Staying the Order pending appeal will enable the Warden to obtain a decision by an Article III judge on that question."). The District Judge never had to decide the issue because the Warden ultimately transferred Nields to the medical facility for testing on March 9, 2010, making the issue moot. *Nields*, No. 1-03-CV-019, R. 73 (Mar. 12, 2010).

The *Nields* court expressly concluded that because the habeas petition had long ago been denied, it was clear that the court's "jurisdiction under 28 U.S.C. § 2254 is at an end." 2010 WL 148076, at *1. Thus, that court could not issue the order pursuant to its habeas jurisdiction. The Court agrees with *Nields* on that issue. However, as previously addressed, the Court respectfully disagrees that 18 U.S.C. § 3599 and the All-Writs Act gave the *Nields* court jurisdiction to issue the order to transfer a prisoner to a hospital for neurological testing for a clemency petition. Indeed, the *Nields* court ultimately determined that jurisdiction to issue the order may have been

lacking—which is the precise reason it stayed its own order. Accordingly, Baze's attempt to base the Court's jurisdiction on the *Nields* decision fails.

## CONCLUSION

"Federal courts are courts of limited jurisdiction. Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Congress has given the Court no such power to issue the order that Baze seeks. In passing 18 U.S.C. § 3599(e), Congress merely authorized the federal government to fund competent counsel for habeas petitioners in clemency proceedings. It granted no other powers related to clemency.

To grant the relief Baze requests would effectively give the Court the power to oversee state clemency proceedings. Principles of comity and federalism cut against issuing Baze's requested order. The power to grant clemency is entirely within the province of the Governor in Kentucky. *See Baze*, 302 S.W.3d at 60 (In Kentucky, "the decision to grant clemency is left to the unfettered discretion of the Governor."). Section 3599 and the All-Writs Act do not give the Court the power to oversee a state process like clemency. Accordingly, it is **ORDERED** that Baze's motion for a Court order granting his counsel access to interview KDOC Officers, R. 65, is **DENIED**. This case is **CLOSED** and **STRICKEN** from the Court's active docket.

This 6th day of May, 2010.



Signed By:
*Amul R. Thapar*
United States District Judge