UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| RALPH STEPHENS BAZE, JR., | ) |
| Petitioner, | ) Civil Action No. 01-31-ART |
| v. | ) |
| PHILIP PARKER, | ) **MEMORANDUM OPINION** |
| Respondent. | ) **& ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Ralph Baze, a Kentucky death row inmate, filed a motion requesting funds under 18 U.S.C. § 3599(f). He intends to use the funds for a neuropsychological evaluation and an MRI scan of his brain in order to support his state clemency application. Baze does not, however, meet the statutory requirements to receive federal funding. Therefore, his request must be denied.

## BACKGROUND

Baze asserts that he has a history of head injuries and symptoms indicative of neuropsychological deficits and brain damage. R. 97. This history includes a blow to the head from a rake and a head injury from a car accident a year before Baze committed the double murder for which he now sits on death row. *Id.* at 1. Both this Court and the Sixth Circuit have recently summarized Baze's background and procedural history, *see* R. 89; R. 92, making another recitation unnecessary.

# DISCUSSION

The question posed by this case is simple: does Baze meet the threshold requirements of § 3599? He does not. As a result, Baze cannot access § 3599(f) funds.

## I. Legal Background

Section 3599 provides federal funds for appointed counsel in state clemency proceedings under limited circumstances: (1) the defendant must have sought to set aside his death sentence under 28 U.S.C. § 2254; (2) the defendant must continue to be indigent; and (3) counsel appointed to represent the defendant in a § 2254 proceeding must continue to represent the defendant in state clemency proceedings. *See* 18 U.S.C. § 3599(a)(2), (e); *Harbison v. Bell*, 556 U.S. 180, 183-86 (2009) (holding that once a defendant has counsel appointed under § 3599(a)(2), § 3599(e) "authorizes federally appointed counsel to represent clients" in a variety of proceedings subsequent to a § 2254 petition, including "state clemency proceedings"). If a defendant meets these requirements, then the federal government will pay for his attorney during state clemency proceedings. *See Harbison*, 556 U.S. at 183.

But how are expert funds under § 3599(f) available in state clemency proceedings? The Supreme Court in *Harbison* held that defendants may receive federal funds for appointed counsel, but said nothing about experts. In *Fautenberry v. Mitchell*, 572 F.3d 267, 267-68 (6th Cir. 2009), the Sixth Circuit seemed to assume that after *Harbison*, funds for expert services are also available in state clemency proceedings. The only explanation is in Judge Moore's concurrence. Judge Moore reasoned that once counsel is obligated to serve in state clemency proceedings under § 3599(e), § 3599(f) funds are "part of" the representation

2

if expert expenses are "reasonably necessary" to represent the defendant. *Id.* at 272 (Moore, J. concurring) (quoting 18 U.S.C. § 3599(f)). Based on this reasoning, the full connection is that (a)(2) provides an attorney to an indigent defendant in a habeas proceeding, (e) directs that the attorney must continue representation through state clemency proceedings ("[u]nless replaced by similarly qualified counsel"), and (f) makes expert funds available during counsel's representation. *See Beaty v. Ryan*, 413 F. App'x 964, 965 (9th Cir. 2011) ("Section 3599(f) therefore empowers federal courts to authorize federally appointed attorneys to hire experts with federal money for the purpose of state clemency petitions."); *cf. Rojem v. Workman*, 655 F.3d 1199, 1201-02 (10th Cir. 2011) (noting that an indigent defendant in state clemency proceedings has the right to both appointed counsel and expert services that "are reasonably necessary for the representation of the defendant" (quoting 18 U.S.C. § 3599(f))).

## II.  Baze's Motion is a Request for § 3599(f) Funds Outside of a Habeas Proceeding

Baze's request breaks down because he no longer has federally appointed counsel that is obligated under subsection (e) to proceed to state clemency proceedings and request funds under subsection (f). Without federally appointed counsel, Baze is no longer tied to his initial § 3599 grant, and the Court must take Baze's motion as an *original* request for § 3599 funds. A state clemency application is clearly not a § 2254 proceeding. Thus, Baze does not meet the requirements of § 3599(a)(2) because he is requesting funds outside of a habeas proceeding.

### A.   Baze Dismissed His § 3599 Attorneys

In March 2001, the Court appointed Timothy Riddell and Milton Toby as counsel for Baze under 21 U.S.C. § 848, the predecessor to § 3599(a).  R. 4.  That appointment was proper because Baze was in a § 2254 proceeding and was indigent.  Riddell and Toby served until April 2005.  R. 57.  At that point, Baze's habeas petition had run its course: this Court had denied Baze habeas relief, R. 36, the Sixth Circuit had affirmed that ruling, *Baze v. Parker*, 371 F.3d 310 (6th Cir. 2004), and the United States Supreme Court had denied Baze's petition for a writ of certiorari, *Baze v. Parker*, 544 U.S. 931 (2005).

Shortly thereafter, Baze authorized Riddell and Toby to withdraw.  R. 60.  In their place, Baze substituted David Barron and Susan Balliet, attorneys with the Kentucky Department of Public Advocacy ("KDPA").  *Id.*  Balliet would later withdraw, R. 66, but Dennis Burke, another KDPA attorney, entered his appearance on Baze's behalf, R. 64.

This Court previously observed that "it is far from clear that [Barron and Burke] represent Baze in his state clemency proceeding pursuant to" § 3599.  R. 89 at 4.  The attorneys were presumably funded by KDPA and in any case never requested compensation from this Court.  *Id.* at 4-5.  But this issue was not before the Court at that time.  *Id.* at 5-6.

The Sixth Circuit has since clarified that defendants with state-appointed public counsel no longer qualify for federally appointed counsel under § 3599.  In *Irick v. Bell*, 636 F.3d 289, 291 (6th Cir. 2011), the court declined "to obligate the federal government to pay for counsel in state proceedings where the state itself has assumed that obligation."  The court found it significant that the Supreme Court in *Harbison* "arrived at its holding only after noting that state law did not authorize the appointment of state public defenders for the

purpose of pursuing state clemency proceedings." *Id.* Thus, where the defendant has a state public defender, he is not "financially unable to obtain adequate representation." 18 U.S.C. § 3599(a)(2). *Irick* makes it clear that Barron and Burke are not § 3599 counsel.

### B. Without a § 3599 Attorney, Baze's Motion is an Original § 3599 Request

This switch in attorneys severs Baze from his initial § 3599 grant. Subsection 3599(e), which provides the link between habeas and state clemency proceedings, obligates "each attorney" appointed under § 3599(a)(2) to represent indigent defendants in subsequent proceedings "[u]nless replaced by similarly qualified counsel" on motion by the attorney or defendant. 18 U.S.C. § 3599(e). The subsection's "each attorney" provision indicates that replacing counsel does not break the connection on its own, so long as new counsel is also properly appointed. But when a defendant releases his federally appointed counsel and replaces them with "similarly qualified counsel," as in this case, that change breaks the link to the original habeas proceeding. Without a link, Baze can no longer request § 3599(f) funds.

An unpublished Sixth Circuit opinion provides a persuasive example. In *Bey v. Bagley*, 301 F. App'x 442, 443 (6th Cir. 2008), an Ohio death row inmate, Gregory Bey, requested § 3599 funds for state clemency proceedings. Bey had already received appointed counsel under 21 U.S.C. § 848(q)(4)(B), the predecessor to § 3599, for a habeas petition. *Id.* But that petition had been denied by the district court, the Sixth Circuit affirmed the denial, and the United States Supreme Court denied certiorari. *Id.* at 444. At that point, the Ohio Public Defender's office took over the case and assigned two attorneys. *Id.* Evaluating this progression of events, the court effectively determined that Bey was no longer entitled to the

5

benefits of the original § 3599 appointment.  Rather than grant Bey's request for a stay of execution so that a new federally appointed counsel could prepare a successive habeas petition, the court held that "any argument that [Bey] is entitled to federally funded counsel to pursue 'further litigation' in federal court" was "wholly without merit." *Id.* at 446.

Further, the Supreme Court in *Harbison* also contemplated and implicitly accepted the argument that replacement by state-appointed attorneys would end a defendant's connection to § 3599.  In doing so, the Court dismissed the idea that its decision would obligate federally appointed counsel to represent their clients indefinitely.  For example, if a court grants a defendant's § 2254 petition and the defendant receives a new trial, then "state-furnished representation [during the new trial] renders [the defendant] ineligible for § 3599 counsel until the commencement of new § 2254 proceedings."  556 U.S. at 189.  The Court was emphasizing that § 3599(e) did not obligate appointed counsel to represent the defendant in subsequent state trials.  Similarly, once a § 3599 attorney's obligations end, the defendant is ineligible for the benefits of § 3599 until beginning another habeas proceeding.  Once the link is broken, any future requests must satisfy the requirements of § 3599.

## CONCLUSION

Baze cannot receive funding because he has not met the statute's requirements. He is not currently in a § 2254 proceeding and after Baze dismissed his federally appointed counsel, he no longer has a connection to his original § 3599 grant.

Accordingly, Baze's motion for § 3599(f) funds, R. 97, is **DENIED**.

This the 18th day of April, 2012.

Signed By:
*Amul R. Thapar* AT
United States District Judge

7